IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS PIERCE<br>PO Box 2919<br>Youngstown, Ohio 44511 | )<br>)<br>)<br>) | CASE NO. _____<br><br>JUDGE _____ |
| Plaintiff | )<br>) | |
| v. | )<br>) | COMPLAINT |
| SCHWEBEL BAKING COMPANY<br>PO Box 6018<br>Youngstown, Ohio 44501 | )<br>)<br>)<br>) | <br>JURY DEMAND ENDORSED |
| c/o Steven P. Cooper, Statutory Agent<br>965 E. Midlothian Blvd. Box 6018<br>Youngstown, Ohio 44501 | )<br>)<br>)<br>) | |
| and | ) | |
| LOCAL 377 CHAUFFEURS, TEAMSTERS,<br>WAREHOUSEMEN & HELPERS UNION<br>1223 Teamsters Dr.<br>Youngstown, Ohio 44502 | )<br>)<br>)<br>)<br>) | |
| Defendants | ) | |

For his complaint against the Defendants, Plaintiff Marcus Pierce states and avers the following:

PARTIES AND VENUE

1. Defendant Schwebel Baking Company, hereinafter referred to as "Schwebel" is an Ohio Corporation with its principal place of business in the City of Youngstown, and at all times material to this claim, was engaged in a business substantially affecting interstate commerce.

2. Defendant Local 377 Chauffeurs, Teamsters, Warehousemen & Helpers, hereinafter referred to as "Local 377" is a labor organization affiliated with the International Brotherhood of

Teamsters. Local 377 is an unincorporated association, maintaining its principal place of business at 1223 Teamsters Dr., Youngstown, Ohio 44502; and at all times material to this claim, it was a labor organization and the exclusive bargaining representative of certain employees of Schwebel, including Plaintiff, as set forth in the collective bargaining agreement between Schwebel and Local 377. A copy of this agreement is attached as Exhibit A with its addendum attached as Exhibit B.

3. Plaintiff is an individual and at all times material herein was employed by Schwebel and was a member of Local 377. He resides in the City of Youngstown, Ohio.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction under §301 of the Labor Management Relations Act (29 U.S.C.A. §185).

5. The material events alleged in this Complaint occurred in the Northern District of Ohio over which this Court has jurisdiction.

6. Venue is proper in this court pursuant to 28 U.S.C. §1391.

7. Plaintiff has exhausted his interunion remedies provided under the National Labor Relations Act. Please see Exhibit C, a letter to that effect from Local 377 dated October 19, 2023.

## FACTS

8. Plaintiff is a former employee of Schwebel.  He started working there as a truck driver on July 11, 2022. He was discharged on September 2, 2023, by a letter from Schwebel September 13, 2023. Please see Exhibit D.  At the time of his discharge, Plaintiff had one year and two months seniority with Schwebel and was making $27.25 per hour.

9.  On September 1, 2023, Plaintiff was driving a 53-foot trailer and was attempting to make a delivery for Schwebel in Bridgeville, Ohio. However, there was construction going on

and he could not get into the parking lot to unload. After waiting on the side of the road for a clearing, the police had him move from the roadway where he was stopped. There was no other way to make it into the parking lot because of the construction cones and because signs prohibiting him from coming the other way.

10. Plaintiff notified Schwebel of this and was told that a smaller truck would come to unload his truck from the road. However, this could not be done safely as the road was narrow and busy. Nor could Plaintiff enter the parking lot from the side of the road without risking tipping over the truck or hitting the overhead wires. Receiving no further instructions, Plaintiff headed back to Youngstown and when he almost got there, Schwebel told him to go back and again try to deliver the load. But if he had done that, he would have exceeded the driving time allotted by DOT and instead came and parked the truck. Another driver delivered the load.

11. Schwebel fired Plaintiff the next day for insubordination in not following its instructions to deliver the load – despite that doing so would have required him to violate traffic laws, violate DOT time regulations and would have created a safety hazard to himself and others.

12. Local 377 filed a grievance on Plaintiff's behalf, but did so reluctantly, and prosecuted it in a most perfunctory manner. Indeed, it was hard to tell during the grievance procedure if Local 377 was advocating for Plaintiff, or if it was merely justifying Schwebel for firing him. Meanwhile, Plaintiff could not retain private counsel for this purpose because Local 377 was his exclusive representative in the grievance process.

## COUNT I
### (Discharge Without Just Cause)

13. Plaintiff restates each and every prior paragraph of this complaint, as if it were fully restated herein.

14. Schwebel breached the collective bargaining agreement because it discharged Plaintiff without just cause.

15. As a direct and proximate result of Schwebel's breach of the collective bargaining agreement, Plaintiff has been damaged by the loss of his employment, has been damaged in a sum Plaintiff would have earned from such employment had Schwebel had not wrongfully terminated him, and has been damaged by reason of the loss of seniority, fringe benefits, medical care and health insurance, and other benefits to which the Plaintiff was entitled under the collective bargaining agreement.

## COUNT II
### (Breach of Duty of Fair Representation)

16. Plaintiff restates each and every prior paragraph of this complaint, as if it were fully restated herein.

17. At all times material herein, Local 377 was the exclusive representative of union members, including Plaintiff, and thus this Defendant was charged with the duty to represent union members fairly, in good faith, not arbitrarily or perfunctorily -- but in earnest and effectively, in asserting their rights under the collective bargaining agreement.

18. Local 377 has breached its duty of fair representation to Plaintiff by failing to follow the grievance procedure, by being reluctant to file a grievance on Plaintiff's behalf for Schwebel's violations of the collective bargaining agreement, by representing Plaintiff in a perfunctory manner, if not outright wholeheartedly taking Schwebel's position against him, by failing to submit his grievance to arbitration, and by otherwise breaching its duty to represent Plaintiff fairly and effectively with respect to his wrongful termination by Schwebel on September 2, 2023.

19. Though Local 377 was Plaintiff's exclusive representative after his unlawful discharge from Schwebel, it represented Plaintiff in bad faith, recklessly and in utter disregard of his rights under the collective bargaining agreement.

20. Had Local 377 represented Plaintiff fairly and through the steps of the grievance procedure and had it submitted his grievance to arbitration, it would have been established that Plaintiff was discharged without just cause and in violation of the Collective Bargaining Agreement; that the grounds given by Schwebel to fire Plaintiff were unfounded and against public policy, and that the real reason that Schwebel discharged Plaintiff was because he would not violate traffic laws, DOT regulations and otherwise act in reckless manner that would have expose him and others to danger. See attached Exhibit E.

21. As a direct and proximate result of the breach of their duty of fair representation by Local 377, Plaintiff has been damaged, and his damages are continuing.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a. Back pay and fringe benefits;
b. Front pay and fringe benefits;
c. Incidental and consequential damages;
d. Liquidated damages in an amount equal to his award of back pay and fringe benefits;
e. Injunctive relief compelling Schwebel to reinstate Plaintiff to his employment, with all seniority and benefits to which Plaintiff would have been entitled had she not been wrongfully terminated;
f. Injunctive relief compelling Schwebel to restore Plaintiff's pension, insurance, and other fringe benefits;
g. Pre-judgment interest;
h. Attorneys' fees and costs; and
i. For such other and further relief as the Court deems just.

Plaintiff further demands trial by jury.

                                                  */s/ Irene K. Makridis*
                                                  Irene K. Makridis, 0016760
                                                  Attorney for Plaintiff

183 W. Market Street., Suite 200  
Warren, OH 44481  
T: (330) 394-1587 | F: (330) 394-3070  
office@makridislaw.com